Slosson, J.
A right to recover, by action, money paid to the use of another can only arise where the plaintiff has paid it under some legal obligation or necessity to do so, or has done it at the request of the defendant. A mere voluntary payment by a party, though for the benefit of another, creates no right of action against him, unless the latter acquiesces in or adopts the act.
The plaintiff in the present case was under no legal obligation or necessity to make the payment in question. He made it, not at the personal request of the defendant, but of her agent; yet, if the agent had authority to make such a request, in other words, to borrow the money on her credit, she is answerable in this action.
The Referee has not found whether, when Lutz, the agent, applied to the plaintiff for the money, he told the plaintiff it was for Miss Keene, the defendant. The plaintiff swears he did do so, and Lutz swears he did not, but he subsequently qualifies his assertion by saying that he did not remember saying what he borrowed the money for, though he was prepared to swear that he did not borrow it expressly for that purpose, (f. e., the use of the theatre.) I shall assume that the plaintiff’s recollection on this point was the most reliable, especially as he adds that Lutz promised to pay him out of the receipts of the theatre of the following week, and that he loaned the money in consequence of that assurance, knowing him to be the agent of the defendant in matters connected with the theatre, and Lutz does not contradict this latter statement. This disposes also of the question whether the money was loaned on the individual security of Lutz only. On this evidence, it clearly was not.
What, then, was the nature and extent of this man’s authority ? Was it sufficient to cover this transaction?
That there was any express authority or power conferred on Lutz by the defendant to borrow money on her credit, is not pretended. If any existed, it was as incidental to his general authority.
The witness, Ed. L. Hearne, (the plaintiff’s brother,) through whom this loan was effected, was the defendant’s counsel in effecting the lease of the theatre, and employed as her counsel by Lutz. He swears that he knew him to be her agent in all matters relating to her payments and receipts connected with the *585 theatre; that his business was to receive moneys at the office and disburse them, and raise whatever money was required; that he knows it was his business to raise money when required, and that he knew this as counsel to the theatre and from conversations with him. Lutz himself does not contradict the statement of Ed. L. Hearne. He swears that he had been the agent of Miss Keene from the time she took the theatre; that he was her agent for business purposes all the time she was lessee of the theatre; that he attended to all the money business of the theatre, paid out money and received it; and that he was her agent up to the time of the trial for all business purposes. It appears that the rent was payable weekly in advance. Punctual payment was a condition of-the continuance of the lease, and the defendant was personally bound to pay it; and it is not unreasonable to hold that if Lutz was the defendant’s agent for “ all the money business of the theatre,” “for all business purposes” whatever, he had the right, in virtue of such agency, to raise money, on the credit of his principal, to meet such payments, if short of funds.
Incidental powers may be deduced from the character of the agency, (Story on Ag., § 100;) and where that is as broad as this is, and necessarily involving the duty of seeing the rent promptly paid each week in advance, I see nothing unreasonable in holding that he has power, as incidental to his general authority, to anticipate, if necessary, a week’s receipts and borrow money to meet the rent on the credit of the theatre.
It is a material consideration that the defendant got the full benefit of the loan—it having been applied in payment of the rent, for which she was legally liable.
This bears on the question of authority.
In Bolton v. Hillersden, (1 Lord Raymond, 224,) Lord Holt held that if a master has never intrusted a servant to charge him by signing of notes in the master’s name, yet if the money for which the note is signed comes to the use of the master, such note will bind the master.
In Davidson v. Stanley, (2 Mann. & Grang., 721,) while the Court held that a general agent had no power as such to draw and indorse bills in the name of his principal, they approved the charge of the Judge who tried the cause, (Rolfe, B.,) and who, among other propositions, told the jury that such authority *586 might be circumstantial only, as where the principal profited by the transaction. In that case the money does not appear to have gone to the use of the principal. “ The fact of articles purchased having come to the use of the master,” says Paley, (Paley on Agency, under head of “implied authority,”) “is prima facie sufficient to make him liable, and he can only discharge himself by showing either that the credit was really given to the servant, or that he always gave the servant ready money to pay for the articles bought, and had not, therefore, authorized him to buy on credit.”
There is another consideration which is of great weight with me. The defendant is eventually liable for this money. If Lutz has to pay it, then she is liable over to him, notwithstanding he borrowed it of the plaintiff. His having borrowed it, puts him in no worse position in respect to his right of reclamation on his principal, than though he had himself advanced it out of his own pocket in a case of necessity. The nature of his agency required him to attend to the payment of the rent as well as all other disbursements. The defendant then being ultimately liable, why should the plaintiff be turned over to an action against the agent, which would render another action necessary in order to reach the principal ?
In Pentz v. Stanton, (10 Wend., 271,) it was held that though the defendant was not liable on a bill of exchange drawn by his agent on the purchase of goods for the defendant’s use, by reason of his name not appearing on the bill, yet he was liable under the common counts, though there was no evidence that the name of the defendant had been disclosed at the time of the purchase. The plaintiff knew that he was selling to an agent for some one, as the bill was signed by the party in his own name as agent, and though the jury did not pass on the question of whether the goods were sold exclusively on the credit of the agent and the bill or not; yet the Court considered it would not be unreasonable “ to hold that the plaintiff did not rely exclusively on the agent’s credit," but had regard to the eventual liability of the principal, whoever he might be, if it should become necessary to resort to him, and they held that even if the plaintiff should fail in the action against the principal, on the ground that the credit was given exclusively to the agent; still, as the agent could, if *587 obliged to pay the debt himself, recover it back from his principal as money paid to his-use, there was no legal objection to a recovery against him in this action on the common countsand the Court refused to disturb the verdict, which was for the plaintiff.
The equity is all with the plaintiff. He advanced his money, without consideration, to preserve the defendant’s lease, and to discharge a debt for which she was legally liable, and she has had the benefit of the payment, and ought in good conscience to pay it.
There must be a new trial, costs to abide event.
Ordered accordingly.